UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
STILUS INC.,                             :
                                         :
                        Plaintiff,       :     24cv6839 (DLC)
                                         :
            -v-                          :     OPINION AND
                                         :        ORDER
WILLIAMS IP HOLDINGS LLC, et al.,        :
                                         :
                        Defendants.      :
                                         :
---------------------------------------- X

APPEARANCES:

For plaintiff Stilus Inc.:
Jeremy D. Friedman
The Downs Law Group
3250 Mary Street Suite 307
Coconut Grove, FL 33133

For defendants Williams IP Holdings LLC, BCE IP Holdings LLC:
Gabrielle Frances Levin
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020

Rory Keith Schneider
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

DENISE COTE, District Judge:

    The plaintiff, Stilus Inc., initiated this breach of
contract action against the defendants on September 10, 2024.
The defendants move to dismiss First Amended Complaint ("FAC")
or stay the case principally on the basis of the abstention
doctrine established in Colorado River Water Conservation

District v. United States, 424 U.S. 800 (1976).  For the
following reasons, the motion is granted and the case is stayed
on the basis of Colorado River abstention pending the resolution
of the parallel proceedings in New York state court.

## Background

I.  Factual Background

The following facts are drawn from the FAC.  Only those
facts necessary to decide this motion are stated.  They are
assumed to be true for purposes of deciding this motion.

Williams Grand Prix Engineering ("WGPE") owns a Formula One
racing team.  On February 24, 2021, WGPE and Stilus LLC, which
is an affiliate of the plaintiff, entered into an agreement
pursuant to which Stilus LLC would provide WGPE with public
relations and marketing services.

Beginning in the middle of 2021, WGPE requested that Stilus
LLC terminate its agreement with WGPE and enter into a new
agreement with defendant Williams IP Holding LLC ("WIPH").  WGPE
represented that this would allow Stilus LLC to continue
providing marketing services following a transfer of "marketing
assets" and intellectual property rights from WGPE to WIPH.

Accordingly, on February 15, 2022, WIPH and Stilus LLC
entered into a Public Relations Consultancy Agreement ("WIPH
Agreement").  The WIPH Agreement defines the term Agreement to

mean the document's own terms as well as "the Letter of
Appointment and the agreed Proposal(s), if any."  It defines
"Proposal" as Stilus LLC's "detailed written description of a
Campaign to which this Agreement is annexed, and otherwise as
may be agreed with [WIPH] in writing from time-to-time."
Moreover, the WIPH Agreement provides that the

> [d]etails of any specific Campaigns proposed by
> [Stilus LLC] from time to time shall be set out in a
> Proposal which once agreed between and signed by both
> parties, shall be incorporated into and form part of
> this Agreement.  Each Proposal shall set out details
> of the Services to be provided by the Consultancy in
> relation to the relevant Campaign.

On May 6, 2022, the parties entered into such a Proposal
for Stilus LLC to provide marketing services, hire and manage
staff, purchase supplies and equipment, and develop a
communications department to advertise and promote WIPH ("Quote
1299").  Quote 1299 explains that it "replaces in its entirety"
another such Proposal executed by WGPE and Stilus LLC, "Proposal
1010 Part 1, dated February 17, 2021,".  It describes specific
services Stilus LLC will provide WIPH, such as "Consulting
Budget & Supervision of Projects & Reporting," "Overall Williams
Marketing & Brand Transformation Process," and "Social Media
Conception for Campaigns," and details these projects' total
costs, which in all reach nearly $1.4 million.  It further
states that Stilus LLC "reserves the right to relocate the cost

items and associated cost details with the proposal as necessary."

The FAC alleges that, under the WIPH Agreement and Quote 1299, WIPH was required to pay Stilus LLC a flat monthly fee of $119,741.67 for a period of 36 months.  WIPH also allegedly agreed to pay Stilus LLC $581,300 per campaign for at least three brand campaigns.

In March 2022, after entering into the WIPH Agreement and Quote 1299, Stilus LLC assigned the WIPH Agreement to a Florida limited liability company, also named Stilus LLC ("Stilus LLC Florida").[1]  On May 1, 2023, Stilus LLC Florida converted from a limited liability company to a corporate entity, Stilus Inc., the plaintiff in this action.  The plaintiff asserts that, as assignee, it "performed all obligations under Quote 1299."  WIPH terminated the WIPH Agreement and Quote 1299 on March 22, 2023.

II.  Earlier Litigation

Claudia Schwarz, Stilus Inc.'s principal, sued Alcority Services Limited ("Alcority") in the Supreme Court of Bermuda, Civil Jurisdiction on January 20, 2023.[2]  The Bermuda court

---

[1] On May 17, 2022, Stilus LLC Florida changed its name from "Stilus LLC" to "Stilus Company LLC."

[2] "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Michael Grecco Prods., Inc. v.

complaint alleges that Alcority provides "human resource services" to Dorilton Motor Sports[3] and that Schwarz served as Dorilton Motor Sports' Chief Marketing Officer pursuant to a written employment contract. The complaint seeks damages on grounds that Alcority breached that employment contract. The Bermuda complaint does not include any allegations involving breach of the WIPH Agreement or Quote 1299.[4]

On May 18, 2023, WIPH and Dorilton Capital Management LLC ("Dorilton") sued Stilus LLC and Schwarz in New York state court for breach of contract, fraud, and unjust enrichment. _Dorilton Capital Management LLC, et al. v. Stilus LLC, et al._, No. 652428/2023 (Sup. Ct. N.Y. County May 18, 2023) ("New York State Action"). The breach of contract claim asserted against Stilus LLC concerns the WIPH Agreement at issue in this case. The state court complaint alleges, moreover, that after the parties executed the WIPH Agreement, Stilus submitted various proposals, one being "Quote 1299," which detailed "the particular services

---

RADesign, Inc._, 112 F.4th 144, 148 n.1 (2d Cir. 2024) (citation omitted)."

[3] The complaint alleges that Schwarz provided "human resource services to (among others) Dorilton Motor Sports." A "Statement of Defence and Counterclaim" filed by Alcority asserts that Dorilton Motor Sports "is the trade name of WIPH."

[4] The FAC asserts that Alcority "does not provide any services nor conduct any business other then entering into contracts with certain employees who then perform all marketing services for WGPE, WIPH, and the Williams Racing Team."

Stilus would perform" for WIPH.  Stilus LLC and Schwarz filed a breach of contract counterclaim against WIPH with respect to the WIPH Agreement on September 23, 2023, and later amended their answer and counterclaims on October 11, 2023.  The state court dismissed the breach of contract counterclaim without prejudice on January 16, 2024.  The New York State Action remains pending. A case management order of January 22, 2025 set a deadline of July 15, 2025 for the completion of discovery and of August 31, 2025 for dispositive motions.  Case Management Order, Dorilton Capital Management LLC, et al., No. 652428/2023 (Sup. Ct. N.Y. County Jan. 22, 2025).

On August 3, 2023, three months after Dorilton and WIPH initiated the New York State Action, Stilus LLC and Schwarz sued WIPH, Dorilton, and Business F1 Magazine, Ltd. in Florida state court.  Schwarz v. Williams IP Holdings LLC, No. 2023-020769-CA-01 (Fla. Cir. Ct.) (the "Florida Action").  Among other things, the Florida Action complaint asserts a claim for breach of the Quote 1299 against WIPH.[5]

A trial court denied WIPH and Dorilton's motion to dismiss, which asserted improper venue and argued that the Florida

---

[5] The Florida Action complaint also asserts claims of defamation against all three defendants, alleging that Dorilton and WIPH made defamatory statements in the New York State Action complaint and in communications with Business F1 Magazine, Ltd.

Action's complaint failed to state a claim. WIPH and Dorilton appealed, and Florida's Third District Court of Appeal held in an opinion of July 24, 2024 that the WIPH Agreement's mandatory New York forum selection clause required the claims for breach of the WIPH Agreement to be litigated in New York. It acknowledged that Quote 1299 contains "a permissive Florida forum selection clause," but determined that Quote 1299 is "a component of the [WIPH Agreement] and not a separate and independent contract." Williams IP Holdings, LLC v. Schwarz, 394 So. 3d 199, 203 (Fla. Dist. Ct. App. 2024). Accordingly, the court held that the WIPH Agreement's mandatory New York forum selection clause prevails over Quote 1299's permissive Florida forum selection clause, and that the parties' contractual disputes related to the WIPH Agreement and the subsumed Quote 1299 "are required to be litigated in New York." Id. at 203-04.

III. Procedural History

Stilus Inc. filed its complaint in this proceeding on September 10, 2024, asserting diversity jurisdiction.[6] After the

---

[6] Stilus Inc.'s place of incorporation and principal place of business are in Florida. Defendant Williams IP Holding LLC ("WIPH") is a Marshall Islands limited liability company. Its sole member is defendant BCE, another Marshall Islands limited liability company. BCE's sole member is BCE LLC, and BCE LLC's sole member is NWCA8429 Limited. NWCA8429 Limited's members are Matthew and Elizabeth Savage, both citizens of Connecticut.

defendants filed a motion to dismiss, the plaintiff was given an opportunity to amend its complaint and was warned that it was unlikely that she would have another opportunity to amend. The plaintiff filed the FAC on December 10. On January 10, 2025, the defendants renewed their motion to dismiss. The motion became fully submitted on February 7.

## Discussion

The defendants move to dismiss the complaint or stay the case principally on the ground that this Court should abstain from exercising subject matter jurisdiction under the <u>Colorado River</u> abstention doctrine. For the reasons that follow, the defendants' motion is granted, and the case is stayed pending resolution of the state court proceedings.

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them by Congress. <u>Courthouse News Serv. v. Corsones</u>, 131 F.4th 59, 77 (2d Cir. 2025) (citation omitted). Doctrines of abstention provide the "few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction." <u>Mochary v. Bergstein</u>, 42 F.4th 80, 84-85 (2d Cir. 2022) (citation omitted).

<u>Colorado River</u> abstention, named for the Supreme Court's decision in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), provides that "in certain

8

exceptional circumstances a federal court may abstain from exercising jurisdiction where an existing parallel state-court litigation would accomplish a comprehensive disposition of litigation." Mochary, 42 F.4th at 85 (citation omitted). A "necessary prerequisite to abstention under Colorado River" is a threshold determination "that the concurrent proceedings are parallel." Id. (citation omitted). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." Id. (citation omitted). If the threshold determination of parallel proceedings is satisfied, a court applies multiple factors, detailed below, to determine whether "exceptional circumstances" justify abstention. Id. (citation omitted).

I.    Parallel Proceedings

The threshold requirement of parallel proceedings is satisfied here. The New York State Action and this litigation involve substantially the same parties seeking substantially similar relief.

The parties substantially overlap. WIPH is a party in both actions. And while Stilus Inc. is the plaintiff here, and Stilus LLC is a defendant in the New York State Action, Stilus Inc.'s rights under the WIPH Agreement, as an assignee, are coextensive with those of its assignor. See In re New Haven

Projects Ltd. Liab. Co., 225 F.3d 283, 290 n.4 (2d Cir. 2000)
("[A]n assignee takes all of the rights of the assignor, no
greater and no less."). BCE's presence in this action adds
nothing of significance, moreover, since the claim Stilus Inc.
asserts against it is for veil piercing liability that is
derivative of the breach of contract claim Stilus Inc. asserts
against WIPH. Finally, while Dorilton and Schwarz are not
parties to this action, it is undisputed that Schwarz is
Stilus's principal, and that Dorilton Capital Management, LLC
"made certain additional payments" under the WIPH Agreement to
Stilus LLC. This "substantial[]" overlap is sufficient for
there to be "an identity of parties." Nat'l Union Fire Ins. Co.
of Pittsburgh, Pa. v. Karp, 108 F.3d 17, 22 (2d Cir. 1997).

This action and the New York State Action also both involve
claims for breach of the same contract and thus the issues and
relief sought substantially overlap. In the New York State
Action, WIPH and Dorilton allege that Stilus LLC breached the
WIPH agreement. Here, Stilus Inc. -- to which Stilus LLC
"assigned" the WIPH Agreement and Quote 1299 -- alleges that
WIPH breached Quote 1299 and seeks to pierce the corporate veil
of BCE, "the parent company of WIPH," to hold BCE liable for
WIPH's breach. The terms of the WIPH Agreement and Quote 1299
establish that Quote 1299 is not an independent contract but

10

rather is a "Proposal" that, having been agreed to and signed "by both parties," is "incorporated into" the WIPH Agreement. Accordingly, the New York State Action and this action involve cross claims for breach of the WIPH Agreement.

The WIPH Agreement explains that it "shall be governed by and construed in accordance with" New York state law. It is well established that to "prevail on a claim for breach of contract under New York law, a plaintiff must show "(1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." Wiener v. AXA Equitable Life Ins. Co., 113 F.4th 201, 214 (2d Cir. 2024) (citation omitted). Accordingly, the issues in the New York State Action and in this case mirror each other: both courts will have to determine not only whether the respective defendant breached the WIPH agreement, but whether the plaintiff adequately performed under the same. In this respect, there is a substantial likelihood that the New York State Action will resolve the central issue this case presents: whether WIPH breached the WIPH Agreement and its integrated "Proposal," Quote 1299. See Bernard v. Las Ams. Commc'ns, Inc., 84 F.3d 103, 109 (2d Cir. 1996) (a finding of material breach "is equivalent to a finding that [the party] did not substantially perform under the contract").

11

Stilus Inc. argues that the issues in the federal and state cases are different because the contract at issue in this case is Quote 1299, while the New York State Action involves the WIPH Agreement. As explained, and as the Florida court also found, Quote 1299 is a "Proposal" incorporated into the WIPH Agreement, not an independent contract. Moreover, the New York State Action complaint includes allegations related to Quote 1299.

Finally, Stilus Inc. contends that the issues in the two cases are not substantially similar because the federal complaint seeks damages incurred "prior to the termination" of the WIPH Agreement and Quote 1299 on March 22, 2023. It is difficult to understand this objection, since the New York State Action also covers this period. WIPH's complaint in the New York State Action asserts that Stilus LLC failed to perform its duties under the WIPH Agreement and, among other things, improperly charged WIPH for more than $6.8 million unsupported services between February 2021 and January 2023.

II. Abstention is Justified

Because the proceedings are parallel, it is necessary to determine whether the following six factors constitute the "exceptional circumstances" that justify abstention:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or

12

dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

See Mochary, 42 F.4th at 85 (citation omitted).  No single factor "is necessarily determinative."  Id. (citation omitted). Instead, a court must engage in "a carefully considered judgment," accounting for "both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise."  Id. (citation omitted).  Because "the balance [is] heavily weighted in favor of the exercise of jurisdiction," the "facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it."  Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001) (citation omitted).

Three factors -- the third, fourth, and sixth -- favor abstention.  Staying the federal litigation will avoid piecemeal litigation, as well as the possibility of inconsistent interpretations of the WIPH Agreement and WIPH and Stilus LLC's respective compliance with its terms.  See Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (2d Cir. 1985) ("[I]nconsistent disposition of these claims between two concurrent forums would breed additional litigation on

13

assertions of claim and issue preclusion."). Moreover, the state court litigation was filed nearly a year and a half before this action, and the state proceedings have advanced significantly since that time, with discovery nearly completed and dispositive motions due in the next several months. Id.; see, e.g., Telesco v. Telesco Fuel & Masons' Material, Inc., 765 F.2d 356, 363 (2d Cir. 1985) (affirming dismissal under Colorado River where federal suit had "not moved beyond the initial pleadings and the motion to dismiss"). As to the sixth factor, the FAC asserts only state law claims, and there can be no doubt that "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 103 (2d Cir. 2012) (citation omitted). The remaining factors (the first, second, and fifth) being neutral slightly favor the retention of jurisdiction, but they do not outweigh the benefits of abstention.[7]

---

[7] Specifically, this "is not an in rem action, and neither the federal district court nor the New York state courts have assumed jurisdiction over any res or property." Niagara Mohawk Power Corp., 673 F.3d at 101. In addition, the fora appear to be "equally convenient," since both are in New York State. Id. Finally, even "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." Id. at 102 (citation omitted).

In addition, "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River." Telesco, 765 F.2d at 363. Stilus Inc. filed this lawsuit after Stilus LLC "suffered some failures" in the New York State Action, where its counterclaims were dismissed. Id. Even though this consideration is not a part of the traditional six factors weighed during an abstention decision, it further favors a stay.

Stilus Inc. argues that the state court litigation is inadequate to resolve all issues between the parties because it is too late for Stilus LLC to assert its breach of contract claim. Relatedly, plaintiff Stilus Inc. contends that as a nonparty to the state court litigation, a dismissal of its federal complaint would require it to file a new and separate action in state court. A stay under Colorado River, rather than a dismissal, deals with these objections. Stilus Inc. can reassert its claims following resolution of the state court proceedings, with the state court being given the opportunity, with the benefit of discovery, to construe the WIPH Agreement and rule on WIPH's breach of contract claims. The state court's rulings on those claims may well determine Stilus Inc.'s ability to bring its own breach of contract claim under the WIPH

Agreement as Stilus LLC's assignee, as well as its derivative
veil-piercing claim against BCE.

Stilus Inc. additionally contends that the fourth factor
favors this lawsuit proceeding both because Claudia Schwarz was
the first to file litigation relating to these parties when, in
January 2023, she sued Alcority Serviced Limited and because
this is the first litigation to involve the plaintiff Stilus
Inc.  The Bermuda lawsuit, however, has no bearing on the WIPH
Agreement.  And as explained, Stilus Inc.'s rights under the
WIPH Agreement derive from the rights of its assignor, Stilus
LLC, which is a party to the New York State Action.

## Conclusion

The defendants' January 10, 2025 motion to stay is granted.
The Clerk of Court is directed to stay the case.  The
defendants' additional arguments for dismissal of the
plaintiff's claims against BCE and for punitive damages are
denied without prejudice to renewal following the lifting of the
stay.

Dated:     New York, New York
           June 24, 2025

                                   _____
                                        DENISE COTE
                                   United States District Judge

16